IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TYLER RICH,

            Plaintiff,

v.                                       CIVIL ACTION NO. 2:18-cv-01541

FCA US LLC, et al.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Fairmont Federal Credit Union's ("Fairmont Federal") Motion to Transfer [ECF No. 17]. The period for filing a response has passed, and the plaintiff has not responded. For the following reasons, the Motion is **GRANTED**.

### I. Background

On November 15, 2018, the plaintiff filed his Amended Complaint in the Circuit Court of Kanawha County, West Virginia. The Amended Complaint alleges, inter alia, violations of the Magnuson-Moss Warranty Act and the West Virginia Consumer Credit and Protection Act arising out of the sale of a new motor vehicle by Defendants FCA US LLC ("FCA") and Urse Dodge, Inc ("Urse Dodge"). On December 26, 2018, Defendant FCA removed this action to the Southern District of West Virginia. Not. Removal [ECF No. 1]. According to the Amended Complaint [ECF No.

1-2], the plaintiff is a resident of Marion County, West Virginia. Defendant Urse Dodge is a West Virginia corporation doing business in Marion County. Defendant Fairmont Federal is a West Virginia credit union doing business in West Virginia; specifically, Marion County. The only defendant that does not operate in Marion County is Defendant FCA. Defendant FCA is a foreign corporation incorporated in Michigan and authorized to do business in West Virginia. Defendant FCA is the alleged manufacturer of the vehicle and maintains an address for service of process in Charleston, West Virginia. On January 14, 2019, Defendant Fairmont Federal filed its Motion to Transfer [ECF No. 17] from the Southern District of West Virginia to the Northern District of West Virginia, Clarksburg Division. The plaintiff did not respond.

## II. Discussion

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." On deciding a motion to transfer, a court should consider the following case-specific factors:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*McJunkin Corp. v. Cardinal Sys.*, 190 F. Supp. 2d 874, 878 (S.D. W. Va. 2002); *see also Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d 436, 444 (4th Cir. 2015).

Here, I find that the interest of justice militates in favor of transfer to the Northern District of West Virginia, Clarksburg Division.[1] The transactions and occurrences contained in the Amended Complaint occurred in Marion County, West Virginia. The vehicle was allegedly bought and sold in Marion County, and the loan to purchase it was provided in Marion County. The plaintiff resides in Marion County, and most if not all of the witnesses and evidence is in Marion County. Defendant Fairmont Federal's financing records, Defendant Urse Doge's records, as well as the vehicle itself are all likely in Marion County. Because all of the alleged transactions and events took place in Marion County, there is a greater interest in having the citizens of that district and division deciding a local controversy.

Further, with the exception of Defendant FCA, all of the remaining defendants operate in Marion County. As far as the court can tell, the only connection to the Southern District of West Virginia is that Defendant FCA has listed Charleston, West Virginia, as its address for service of process in this state. While the plaintiff's choice of forum is typically entitled to significant weight, the plaintiff did not oppose transfer, and the remaining factors here outweigh any weight the plaintiff's choice would otherwise have. *See, e.g.*, *Klay v. AXA Equitable Life Ins.*, No. 5:08cv118, 2009

---

[1] The court takes judicial notice of the fact that Marion County, West Virginia, is located within the Clarksburg Division of the Northern District of West Virginia.

WL 36759, at *3 (N.D. W. Va. Jan. 6, 2009) ("[W]here the plaintiff's choice of forum is a place where neither the plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of action accrued, that plaintiff's choice loses its place status in the court's consideration"). Therefore, I **FIND** that for convenience of the parties and in the interest of justice, the equities favor transfer.

### III. Conclusion

For the foregoing reasons, Defendant Fairmont Federal's Motion to Transfer [ECF No. 17] is **GRANTED**. The court **TRANSFERS** this action the Clarksburg Division of the United States District Court for the Northern District of West Virginia. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and to the Clerk of the United States District Court for the Northern District of West Virginia.

ENTER: February 12, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE